Case 1:15-cv-01039-RP   Document 1-5   Filed 11/17/15   Page 1 of 8

9/15/2015 11:45:18 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-15-004002
Shaun Glasson

No. D-1-GN-15-004002
_____

| | | |
|---|---|---|
| LINDA GONZALES-LEATHERMAN | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | § § § § | |
| Defendant. | § § | 126TH \_\_\_\_\_JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE and JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LINDA GONZALES-LEATHERMAN, Plaintiff herein, and files this her Original Petition and Request for Disclosure against the HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant herein, and in support thereof would respectfully show the Court the following:

### I. DISCOVERY LEVEL

1. Pursuant to TEX. R. CIV. P. 190.1, Plaintiff asserts that this case is to be governed by a Level 2 discovery plan.

### II. VENUE

2. Venue is appropriate in Travis County, Texas pursuant to § 15.032 of the Texas Civil Practice and Remedies Code as Plaintiff, who is the policyholder and beneficiary in the instant action, resided in Travis County at the time the causes of action accrued.

## III. PARTIES AND SERVICE

3. At all times relevant to this lawsuit, including the time the events giving rise to the lawsuit accrued, Plaintiff was a resident of Travis County, Texas.

4. The Hartford Life and Accident Insurance Company is a business entity and insurance company doing business in the State of Texas with documentation on file. Said Defendant may be served with citation by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, pursuant to TEX. INS. CODE ANN. §§ 1.36 and 15.14 (Vernon 2002), or by sending a copy of the petition by registered or certified mail, return receipt requested, <u>WITH DELIVERY RESTRICTED TO THE ADDRESSEE ONLY</u>, pursuant to TEX. R. CIV. P. 106(a)(2).

## IV. JURISDICTION

5. This Court has jurisdiction over the instant matter as the amount in controversy is within the limits of the Court. TEX. CONST. art. 5, § 8. Further, all conditions precedent to any recovery herein have been performed or have occurred prior to the filing of this lawsuit, including but not limited to those required by the Texas Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17.46, *et seq.* and TEX. INS. CODE §§ 541 and 542.

## V. FACTS

6. It has become necessary to bring this suit due to the failure of Defendant The Hartford Life and Accident Insurance Company (hereinafter referred to as "Hartford" or "The Hartford") to honor its obligations to Plaintiff. Plaintiff is a beneficiary of a policy for long-term disability benefits (hereinafter "The Policy") underwritten by The Hartford. Plaintiff suffers from functional limitations resulting from her interstitial cystitis, intestinal

issues requiring surgical intervention in May, 2013, surgical removal of the gallbladder in May, 2013, osteoarthritis, psoriatic arthritis, high cholesterol, fibromyalgia, and her combined symptomology. Plaintiff sustained injuries in March and April, 2013 when she was hospitalized twice for descending/sigmoid diverticulitis. The Hartford is legally obligated to refrain from misrepresenting the terms of The Policy, as well as to pay Plaintiff benefits pursuant to The Policy's terms.

7. As The Policy's insurer, administrator, and sales agents, The Hartford agreed to undertake The Policy's obligations and to refrain from misrepresenting the terms of The Policy. The Hartford breached said obligations to Plaintiff when Hartford denied Plaintiff's claim for disability benefits. Plaintiff became disabled on or about April 19, 2014. Plaintiff thereafter filed an application for long term disability ("LTD") benefits with The Hartford.

8. The Hartford, however, denied Plaintiff's claim for by way of correspondence dated September 8, 2014, and informed Plaintiff that should she desire to, she needed to appeal The Hartford's decision within 180 days. Though her claim was not governed by The Employee Retirement Income Security Act ("ERISA"), in a good faith effort to resolve the situation, Plaintiff sent medical records and a brief to The Hartford on February 2, 2015 showing that she was entitled to long-term disability benefits under The Policy. Plaintiff made repeated telephone calls to The Hartford seeking the status of The Hartford's review and decision on her claim for long-term disability benefits under The Policy. Again, however, The Hartford sent correspondence dated March 31, 2015 asserting that it was upholding its total denial of benefits.

9. Plaintiff has attempted in good faith to appeal to The Hartford; however, Hartford has refused to make payment on this claim under which its liability is clear. As

such, Plaintiff initiates this action as The Hartford is responsible to pay Plaintiff benefits under The Policy and for further monetary damages due to Hartford's misrepresentations and failure to follow Texas law.

## VI. BREACH OF CONTRACT

10.     The Hartford's conduct described above constitutes a breach of The Policy. The Policy is a contract as its existence arose from a bargained for exchange between Plaintiff and The Hartford. The Hartford has failed to perform in accordance with the terms of The Policy in that Plaintiff has incurred a covered loss which should have been compensated by Hartford. The Hartford has failed to perform its obligations under the contract by failing to pay Plaintiff's properly submitted and payable claim. Said conduct constitutes a breach by The Hartford of the contract for long-term disability insurance, a contract entered into between Plaintiff and The Hartford for which Hartford has now incurred further liability.

## VII. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

11.     The Hartford, by and through its agents and administrators, breached its duty of good faith and fair dealing by: (1) denying and/or delaying payment of benefits to Plaintiff when The Hartford's liability was reasonably clear, and as (2) The Hartford knew or should have known that there was no reasonable basis for denying Plaintiff's claim for long-term disability benefits. The Hartford has thus failed to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Hartford's liability has remained consistently clear. As a proximate result of the breach of duty of good faith and fair dealing, Plaintiff suffered damages consisting of the loss of the benefit-of-the-bargain that she reasonably expected to be due under The Policy.

## VIII. INSURANCE CODE AND DTPA VIOLATIONS

12.  Due to the aforementioned acts and omissions, The Hartford has violated both the Texas Insurance Code and the Texas Deceptive Trade Practices Act sections and articles in the following ways:

   (a)   Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

   (b)   Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

   (c)   Insurance Code Article § 541.060 by engaging in unfair settlement practices by (A) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (B) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which The Hartford's liability has become reasonably clear; (C) failing to promptly provide to Plaintiff a reasonable explanation of the basis in The Policy, in relation to the facts or applicable law, for The Hartford's denial of Plaintiff's claim; (D) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (E) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(d) Insurance Code Article § 541.061 by misrepresenting The Policy by (A) making an untrue statement of material fact; (B) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (C) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (D) making a material misstatement of law; and (E) failing to disclose other matters required by law to be disclosed.

(e) Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f) Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g) Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

## IX. CAUSATION

13. The conduct described in this petition was a producing and proximate cause of damages to Plaintiff.

## X. DECLARATORY RELIEF

14. Pleading further, Plaintiff would show she is entitled to declaratory relief, pursuant to Section 37 of the Texas Civil Practices and Remedies Code. Specifically,

Plaintiff would show that she is entitled to declaratory relief due to The Hartford's breach of its contractual obligations under the terms of The Policy. TEX. CIV. PRACT. & REM. CODE § 37.001.

15. The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for LTD benefits to The Hartford. The evidence will show that The Hartford denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet The Policy's definition of "disabled".

16. The conduct of The Hartford as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with The Hartford. Therefore, Plaintiff requests the Court exercise its power afforded under § 37.001 et. seq. of the Texas Civil Practice and Remedies Code and declare the specific rights and statuses of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## XI. ATTORNEYS FEES

17. Plaintiff prays that the Court award costs and reasonable and necessary attorneys fees as are equitable and just under § 37.009 of the Texas Civil Practices and Remedies Code, § 38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## XII. REQUEST FOR DISCLOSURE

18. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that The Hartford disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XIII. JURY DEMAND

19. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIV. PRAYER

20. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that The Hartford be cited to appear herein, and that on final trial, Plaintiff recover his damages, including benefits under The Policy, statutory additional damages, treble damages, and attorneys fees and costs incurred in prosecuting this law suit, as well as prejudgment and post-judgment interest at the highest lawful rate, costs of court, and that this Court issue a judgment resolving the uncertainty and insecurity The Hartford has created, and for such further general relief as is warranted.

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES, L.L.P.

By:     /s/ Marc Whitehead
Marc S. Whitehead
Texas Bar No. 00785238
J. Anthony Vessel
Texas Bar No. 24084019
5300 Memorial Drive, Suite 725
Houston, Texas  77007
Telephone: (713) 228-8888
Facsimile:  (713) 225-0940
Attorneys for Plaintiff,
LINDA GONZALES-LEATHERMAN